**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

JUN 14 2019

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| CHRISTOPHER MICHAEL ELLINGTON, AKA Christopher M. Ellington, <br><br> Plaintiff-Appellant, <br><br> v. <br><br> CITY OF MESA; et al., <br><br> Defendants-Appellees. | No. 18-15211 <br><br> D.C. No. 2:16-cv-01255-NVW <br><br> MEMORANDUM* |

Appeal from the United States District Court
for the District of Arizona
Neil V. Wake, District Judge, Presiding

Submitted June 11, 2019**

Before:    CANBY, GRABER, and MURGUIA, Circuit Judges.

Christopher Michael Ellington appeals pro se from the district court's

summary judgment in his 42 U.S.C. § 1983 action alleging unlawful arrest and

excessive force.  We have jurisdiction under 28 U.S.C. § 1291.  We review de

---

\*       This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\*       The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).  Ellington's request for oral argument, set forth in his reply brief, is denied.

novo. *Braunling v. Countrywide Home Loans Inc.*, 220 F.3d 1154, 1156 (9th Cir. 2000). We affirm in part, reverse in part, and remand.

The district court properly granted summary judgment on Ellington's unlawful arrest claim on the basis of qualified immunity because defendants' conduct did not violate clearly established rights. *See Plumhoff v. Rickard*, 572 U.S. 765, 778-79 (2014) (defendants sued under § 1983 are entitled to qualified immunity unless they violated a right that was clearly established; "a defendant cannot be said to have violated a clearly established right unless the right's contours were sufficiently definite that any reasonable official in the defendant's shoes would have understood that he was violating it").

The district court properly granted summary judgment on Ellington's excessive force claim concerning his arrest near his front door because Ellington failed to raise a genuine dispute of material fact as to whether defendants' actions were not objectively reasonable. *See Graham v. Connor*, 490 U.S. 386, 397 (1989) (the question in an excessive force claim in the context of an arrest "is whether the officers' actions are 'objectively reasonable' in light of the facts and circumstances confronting them . . . .").

The district court granted summary judgment on Ellington's excessive force

claim concerning defendants patting him down and placing him in the police car. However, Ellington stated in his deposition testimony and sworn declaration that during the pat down, officers battered him, then threw him into the police car. Ellington's pat down and placement in the police car are not viewable on the surveillance video that defendants rely upon in support of their contention that they did not use excessive force. Because a genuine dispute of material fact exists as to whether the force used by officers in this situation was "objectively reasonable," *id*., we reverse and remand for further proceedings as to this claim only.

The district court properly granted summary judgment on Ellington's state law claims because Ellington failed to file the required Notice of Claim within 180 days after accrual of his causes of action. *See* Ariz. Rev. Stat. § 12-821.01(A) ("Any claim that is not filed within one hundred eighty days after the cause of action accrues is barred and no action may be maintained thereon.").

The district court did not abuse its discretion by denying Ellington's motion to file a Second Amended Complaint because amendment would have caused undue prejudice to defendants. *See Chappel v. Lab. Corp. of Am.*, 232 F.3d 719, 725-26 (9th Cir. 2000) (providing standard of review and explaining that a "district court acts within its discretion to deny leave to amend when amendment . . . would

3                                                              18-15211

cause undue prejudice to the defendant . . . ."); *see also Chodos v. West Publ'g Co.*, 292 F.3d 992, 1003 (9th Cir. 2002) (a district court's discretion is "particularly broad" when it has already granted a plaintiff leave to amend).

The district court did not abuse its discretion by denying Ellington's motion to compel discovery without prejudice because Ellington failed to comply with the case management order. *See Laub v. U.S. Dep't of the Interior*, 342 F.3d 1080, 1093 (9th Cir. 2003) ("A district court is vested with broad discretion to permit or deny discovery . . . .").

The district court did not abuse its discretion by denying Ellington's motion for relief from judgment under Fed. R. Civ. P. 60(b) because Ellington did not "prove by clear and convincing evidence that the verdict was obtained through fraud," or otherwise establish a basis for relief. *De Saracho v. Custom Food Mach., Inc.*, 206 F.3d 874, 880 (9th Cir. 2000); *Sch. Dist. No. 1J, Multnomah Cty., Or. V. ACandS, Inc.*, 5 F.3d 1255, 1262-63 (9th Cir. 1993) (requirements for relief from judgment under Fed. R. Civ. P. 60(b)).

We do not consider matters not specifically and distinctly raised and argued in the opening brief, or arguments and allegations raised for the first time on appeal. *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009).

18-15211

All pending requests are denied.

The parties shall bear their own costs on appeal.

**AFFIRMED in part; REVERSED in part; and REMANDED.**